IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AUSTIN COOPER                                                      PLAINTIFF

          V.                         NO.  4:06-CV-04108-HFB

LARRY NORRIS, Director                                    DEFENDANT
Arkansas Department of Corrections

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

    Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions (Doc. 1) filed November 17, 2006 by Austin Cooper, an inmate of the Arkansas

Department of Corrections.

I.  Background

    The Petitioner was convicted of raping his minor daughter in 1993 and sentenced to life

imprisonment.  The conviction was affirmed by the Supreme Court of Arkansas in 1994.  Cooper

v. Arkansas, 317 Ark. 485 (1994)

    On May 26, 1995, the Petitioner did file a claim under 42 U.S.C. Section 1983 against his

trial attorney, and two previously appointed trial attorneys, the trial judge, the Municipal Judge,

two prosecuting attorneys and the court clerk. (Cooper v. Potter, et al, 95-4050) The Court has

obtained and reviewed this file.  All defendants were dismissed with the exception of the court

clerk who was served with the complaint and then failed to file any response.  The United States

Magistrate Judge did conduct a hearing on the Motion for Default Judgment filed by the

Petitioner and dismissed the petition with prejudice.  The petitioner did not name his appeal

counsel as a party in his 1983 action.  It is obvious that he did raise the issue in his 1983 action

however, because it is referenced in the Magistrate Judge's opinion filed November 13, 1995 that

"Plaintiff believed that the appeal brief submitted in his behalf was inadequate and he wanted other issues presented." (Memorandum Opinion, dated November 13, 1995 @ page 4) The Petitioner never pursued any Rule 37 action against his appeal attorney.  The Petitioner did attempt to appeal the decision of the Magistrate Judge in in Cv 95-450 but was denie leave to proceed on appeal by the 8th Circuit Court of Appeals on January 4, 1996.

Sometime in 2002 the Petitioner filed a "Petition for Correction of a Illegal Sentence pursuant to 16-90-111(a)" [Rule 37] and that petition was denied by the trial court on November 22, 2002. (Doc. 1, p. 2) The Petitioner then filed a "Habeas Corpus Petition pursuant to Act 1780 of 2001" [A.C.A. 16-112-101,et seq.]  and that petition was denied by the trial court.  The Petitioner filed a request for an evidentiary hearing and that request was also denied by the trial court on January 20, 2005.  (Doc. 1, p. 3)

The Petitioner attempted to appeal the decision of the trial court denying his "Habeas Corpus" petition and he claims the clerk refused to lodge the record.  The Arkansas Supreme Court, in an unreported decision rendered May 25, 2006, held that Petitioner "was not entitled to appeal denial of relief without showing of good cause for failure to file notice of appeal within 30 days from order denying application. **Cooper v. State of Arkansas,  Not reported in S.W.3d, 2006 WL1429466(May 25, 2006)**

The Arkansas Supreme Court, in an unreported decision rendered June 29, 2006, deline[d] to reconsider its earlier denial of defendant's motion for belated appeal of trial court's denial of his petition for writ of habeas corpus, even though defendant argued that he timely filed a notice of appeal of denial of habeas petition; in his motion for reconsideration, defendant did not provide additional information of any relevance or that supported his claim of timely filing, in that defendant did not provide copy of a file-marked notice indicating date filed or other

evidence that the notice was indeed timely filed or that notice was ever filed, and the date asserted by defendant as date that notice was filed was not consistent. **Cooper v. State of Arkansas, No. CR 06-487 (June 29, 2006).**

The Petitioner contends in this petition that the appeal counsel was ineffective for the appeal. He states that after he wrote his appeal counsel his attorney "did bring grounds for relief that I requested, however he brought them inadequately and in a manner that he knew, or should have know[sic], would not create reversable [sic] error although reversable [sic] errors were present and if brought properly would have obtained the desired relief."

The Petitioner then makes reference to the grounds for relief on direct appeal as follows:

A.  The Trial Court Erred in Allowing Hearsay Statements of Audra Cooper to be Presented to the Jury; (Doc. 1, p.5-7)

B.  The Trial Court Erred In Denying Cooper's Motion to Recuse; (Doc. 1, p.7-9)

C.  The Trial Court Erred In Allowing Evidence of Cooper's Arrest In California to be Presented to the Jury; (Doc. 1, p. 8-9)

D.  The Trial Court Erred In Denying Cooper's Motion to Question the Alleged Victim Regarding Her Sexual History; (Doc. 1, p. 9-11)

E.  The Trial Court Erred In Refusing to Grant Cooper's Request For New Counsel; (Doc.1, p. 11-32)

The Petitioner also raises new issues not raised on appeal as follows:

F. Denial of Counsel During a Critical Stage of Proceedings; (Doc.1, p. 32-33)

G.  Thomas Potter should have Motioned to Withdraw; (Doc.1, p. 33)

H.  Denial of Counsel for Pre-trial Hearing; (Doc.1, p. 33-34)

I.  Denial of Counsel for Trial; (Doc.1, p. 34-39)

J.  Rule 8.3(iii) of A.R.Cr.P. was violated; (Doc.1, p.39)

K.  Denial of Pre-trial Transcripts; (Doc.1, p. 39-41)

L.  There Was Scientific Evidence Not Available at Trial that Establishes Petitioner's Actual Innocence; (Doc.1, p. 41-42)

M.  There Was Other Scientific Evidence Not Available at Trial that Establishes Petitioner's Actual Innocence; (Doc.1, p. 42-44)

N.  Actual Innocence; (Doc.1, p. 44-46)

II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The time during which a "properly filed" application for state post conviction relief is pending tolls the limitation period, however. 28 U.S.C. § 2244(d)(2). Jackson v.  Ault, 452 F.3d 734,C.A.8 (Iowa),2006.

The sole claim that the Petitioner asserts in this petition is that his appeal counsel was ineffective.  The claim became effective on the day the Arkansas Supreme court rendered its decision affirming the Petition's conviction on July 5, 1994. The Petitioner had 90 days from July 5, 1994 to bring his claim under Rule 37. (Ark. R. Crim. P. 37.2©)

The Antiterrorism and Effective Death Penalty Act (AEDPA), was enacted on April 24, 1996 and to avoid harsh results, the courts have held that state prisoners whose convictions

became final before AEDPA's enactment are entitled to a one-year "grace period" following the Act's enactment.  *Nichols v. Bowersox,* **172 F.3d 1068, 1072-73 (8th Cir.1999)** (en banc). This one-year grace period expired on April 24, 1997. ***Ford v. Bowersox,* 178 F.3d 522, 523 (8th Cir.1999)**.

  The Petitioners sentence became final before AEDPA was enacted and, therefore, the effective date for filing any habeas action was **April 24, 1997.**

  The Petitioner never pursued any kind of post-conviction relief against his appeal counsel and has procedurally defaulted on that claim.  The Petitioner, in 2002, filed a "Petition for Correction of a Illegal Sentence pursuant to 16-90-111(a)" [Rule 37].[1]   No appeal of this decision was made.  Subsequently, in 2004 the Petitioner filed a "Habeas Corpus Petition pursuant to Act 1780 of 2001" [A.C.A. 16-112-101,et seq.].  That petition was denied.  The Petitioner requested an evidentiary hearing, and that request was denied by the trial court.  The Petitioner did appeal the decision by the trial court but the Supreme Court of Arkansas denied the appeal because notice of appeal had not been filed.

  The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired. ***Curtiss v. Mount Pleasant Corr. Facility,* 338 F.3d 851, 853 (8th Cir.2003)**.  The attempt by the Petitioner to extend the statute of limitations on habeas action in this instance is not allowed because the petitions were filed outside the time and the appeal was never "properly" filed.   In ***Artuz v. Bennett,* 531 U.S. 4, 5, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)**, the Supreme Court defined a "properly filed" state post-conviction relief petition under **section 2244(d)(2)**:  An application is "filed," as that term is commonly understood, when it is delivered to, and accepted

---

[1]This section, concerning correction or reduction of sentences, was declared superseded by ARCrP 37.2(c) in Harris v. State, 318 Ark. 599 (1994)

by, the appropriate court officer for placement into the official record. And an application is "

*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and

rules governing filings. These usually prescribe, for example, the form of the document, the time

limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

_____A prisoner whose petition is belatedly filed may take advantage of equitable tolling where

extraordinary circumstances beyond his control make it impossible for him to file a petition on

time or when the action of the respondent lulled him into inaction. ***Jihad v. Hvass***, 267 F.3d 803,

805 (8th Cir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack

of representation during the applicable filing period merits equitable tolling. ***Turner v. Johnson***,

**177 F.3d 390, 392 (5th Cir. 1999)**. *See **Cross-Bey v. Gammon**, 322 F.3d 1012, 1015-16 (8th Cir.*

**2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863**

**(2001)** (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal

knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not

warrant equitable tolling." ***Beery v. Ault,*** **312 F.3d 948, 950 (8th Cir.2002)**.  The Petitioner has

not asserted any such grounds as the basis for his failure to properly file the petitions.

The Petitioner has asserted an actual innocence claim.  An actual innocence claim is "not

itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to

have his otherwise barred constitutional claim considered on the merits." ***Schlup v. Delo,*** **513**

**U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)** (quotation omitted). To establish a valid

claim of actual innocence,  Petitioner  must "support his allegations of constitutional error with

new reliable evidence ... that was not presented at trial," and demonstrate "it is more likely than

not that no reasonable juror would have convicted him in the light of the new evidence." ***Id.* at**

**324, 327, 115 S.Ct. 851**. This standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction. *See **Johnson v. United States, 278 F.3d 839, 844 (8th Cir.2002)*** (quoting ***McNeal v. United States, 249 F.3d 747, 749-50 (8th Cir.2001)***).

The sort of evidence that cannot be used for a *Schlup* gateway claim includes "evidence [that] could have been discovered earlier in the exercise of due diligence." ***Cornell v. Nix, 976 F.2d 376, 380 (8th Cir.1992)*** (en banc); *accord **Meadows v. Delo, 99 F.3d 280, 282 (8th Cir.1996)***.

*Schlup* allows a petitioner to raise a "gateway claim of actual innocence," ***Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir.2001)***, that, if established, will allow him to present otherwise procedurally defaulted claims to the federal habeas court. But the *Schlup* standard is quite high; the petitioner must come forward with new reliable evidence that was not available at trial, *id.,* and he must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." ***Schlup, 513 U.S. at 327, 115 S.Ct. 851*** (adopting the ***Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)***, standard).

In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction. ***Dejan, 208 F.3d at 686***.

In this case the Petitioner is claiming actual innocence based upon three arguments: 1) That the State's expert was mistaken when he testified that there were no other ways he could think of that the Petitioner's daughter could have contracted trichomoniasis other than through sexual contact; (Doc.1, p. 41-44)  2) He claims that he had genital warts and if he had intercourse

with his minor daughter she would also have had genital warts; and 2) that the daughter has recanted her previous testimony. (Doc.1, p. 44-47)

The Petitioner's claim about the State's expert witness and the Petitioner's medical condition is evidence that was submitted and available at trial and therefore not sufficient under Cornell v. Nix in light of the fact of a jury verdict.

The Petitioner also claims that his daughter, the victim, has recanted her testimony.  While recanted testimony can lead a court to consider an otherwise barred Habeas claim, the petitioner's claim that his daughter has recanted her trial testimony is self serving and not supported by any documentation.  He even acknowledges in his petition that she has refused to sign an affidavit recanting her testimony, although he contends she does this because she is afraid of some repercussions with her mother. He represents that others have head her recant her testimony but provides no documentation such as an affidavit or even a letter from these individuals.

The skepticism about recantations is especially applicable in cases of child sexual abuse where recantation is a recurring phenomenon. See, e.g., **Myatt v. Hannigan**, 910 F.2d 680, 685 n. 2 (10th Cir.1990) (noting that child recanting in sexual abuse case not atypical); **State v. Cain**, 427 N.W.2d 5, 8 (Minn.Ct.App.1988) (noting recantation is "frequent characteristic of child abuse victims"); **State v. Gallagher**, 150 Vt. 341, 350, 554 A.2d 221, 225 (1988) ("observing the high probability of a child victim recanting a statement about being sexually abused"); see also Summit, Child Abuse Accommodation Syndrome, 7 Child Abuse & Neglect 177, 188 (1973) ("whatever a child says about sexual abuse, she is likely to reverse it."). Recantation is particularly common when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story. See **State v. Tharp**, 372 N.W.2d 280, 282 (Iowa Ct.App.1985) (upholding denial of new trial request based on 14 year old victim's

recantation and noting that "where families are torn apart, there is great pressure on the child to

make things right."); Cacciola, The Admissibility of Expert Testimony in Intra family Child

Sexual Abuse Cases, 34 U.C.L.A. L.Rev. 175, 184-88 (1986) (noting susceptibility of child victim

to family pressure and to recant the testimony to return things to "normal").

In this case there has not been any thing offered to the court, other that the Petitioner's

own self serving statement, that his daughter has recanted her testimony.  There is no affidavit by

any witness that has asserted that the petitioner's daughter has recanted her testimony. This type

of self serving assertion is not sufficient to support consideration of an otherwise barred petition.

III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C.

Section 2244, be dismissed with prejudice, that no service issue as to the Defendant, Larry Norris,

and that the Petitioner's request for attorney is moot as a result of this opinion.

**The Petitioner shall have ten days from receipt of this report and recommendation in
which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file
timely written objections may result in waiver of the right to appeal questions of fact.  The
parties are reminded that objections must be both timely and specific to trigger de novo
review by the district court.**

Dated this 4th day of April, 2007

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI

UNITED STATES MAGISTRATE JUDGE