IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AUSTIN COOPER                                                                                         PLAINTIFF

VS.                                            CASE NO. 4:06-CV-4108

LARRY NORRIS, Director
Arkansas Department of Corrections                                                        DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed April 4, 2007 by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (Doc. 8). Judge Marschewski recommends dismissal with prejudice of Plaintiff Austin Cooper's habeas corpus petition prior to service. Plaintiff filed timely objections on May 2, 2007. (Doc. 13). Plaintiff has also filed motions to supplement his habeas corpus petition, (Doc. 5) for the appointment of counsel, (Docs. 6, 15) for transcripts, (Doc. 11) to enter certain exhibits into evidence, (Doc. 12) to expedite these proceedings, (Doc. 15) for a hearing on this matter, (Doc. 16), to amend his motion to expedite and for the appointment of counsel, (Doc. 17), for the production of documents, (Doc. 18) and for a preliminary injunction, (Doc. 18). After reviewing the matter *de novo*, the Court adopts the Report and Recommendation as its own.

### I. BACKGROUND

Plaintiff Austin Cooper is currently serving a life sentence for raping his minor daughter. The Arkansas Supreme Court affirmed his 1993 conviction. *Cooper v. Arkansas*, 317 Ark. 485, 879 S.W.2d 405 (1994). In 1995, Cooper brought charges against his trial counsel, the trial judge, the Municipal Judge, two prosecuting attorneys and the court clerk, pursuant to 42 U.S.C. § 1983. After conducting a hearing, a United States Magistrate Judge dismissed the lawsuit with prejudice, and

Cooper was denied leave to appeal to the Eighth Circuit Court of Appeals. Cooper's § 1983 lawsuit raised the issue of ineffective assistance of appeal counsel, but Cooper did not name his appeal counsel as a defendant. Years later, Cooper filed a Petition for Correction of Illegal Sentence, which was denied in 2002, and an Arkansas habeas corpus action, also denied by the trial court. The Arkansas Supreme Court denied Cooper leave to appeal the denial of his Arkansas habeas action in 2006. *Cooper v. State*, 2006 WL 1429466 (Ark. 2006). Cooper filed the instant habeas corpus petition on November 17, 2006. Judge Marschewski, having reviewed the record of Cooper's conviction and his post-trial proceedings, recommends dismissal with prejudice of the habeas petition before the Court.

## II. DISCUSSION

Cooper's habeas petition seeks relief based on, *inter alia*: (1) the admission of hearsay statements of the victim at his 1993 trial for rape; (2) denial of his motion to recuse during the 1993 trial; (3) admission of his arrest in California; (4) denial of his request to question the victim regarding her sexual history; (5) denial of his request for substitute trial counsel; (6) denial of counsel at a "critical stage" during the proceedings against him; (7) failure of his trial counsel to seek withdrawal; (8) denial of transcripts; (9) denial of evidence establishing his actual innocence; and (10) actual innocence. As detailed by Judge Marschewski, the statute of limitations for Cooper's habeas petition ran–at the latest–on April 24, 1997. See 28 U.S.C. § 2244(d)(1)(A). In his objections, Cooper argues that the one-year statute of limitations provision of § 2244(d), implemented by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA") Pub. L. 104-132, amounts to a violation of the prohibition against ex post facto legislation. Application of AEDPA and 28 U.S.C. § 2244(d) to the instant habeas petition, Cooper argues, "constitutes arbitrary

and potentially vindictive legislation." As a result, Cooper would have this Court toll the applicable one-year statute of limitations until such time that he became aware of the law. The Court declines this invitation. Once the statute of limitations for habeas relief has expired, it cannot be tolled. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003). As identified by Judge Marschewski, the statute of limitations for Cooper's habeas petition ran–at the very latest–on April 24, 1997. Cooper's basic objection–ignorance of the limitation statute–fails to excuse his considerable delay in seeking post-conviction relief. The Court cannot now toll the statute, and his petition is time-barred.

### III. CONCLUSION

Judge Marschewski correctly found Petitioner Austin Cooper's Petition for Habeas Corpus time-barred by 28 U.S.C. § 2244(d). Accordingly, Cooper's habeas petition should be and hereby is **DISMISSED WITH PREJUDICE** prior to service on Defendant.

**IT IS SO ORDERED**, this 20th day of September, 2007.

        /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge